UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-193 (PJS/LIB)

UNITED STATES OF AMERICA,

      Plaintiff,

  v.　　　　　　　　　　　　　　　　　　**PROTECTIVE ORDER**[1]

(1) AMANDA MAY WALSH and
(2) MATTHEW JAMES GUNDERSON,

      Defendants.

On August 6, 2019, the United States moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3509(d)(3) for an order restricting the dissemination of certain Rule 16 discovery material. [Docket No. 34].

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure no later than August 6, 2019. The Government is prepared to make timely disclosures of documents and other media. In this case, the disclosures include information that contains personal identifiers and information of minor victims and other potential witnesses, including minor witnesses.

The United States has shown good cause why the retention by the defendants or dissemination of this protected material to third parties should be limited. The Court finds there

---

[1] The Government filed its Motion for Protective Order (Docket No. 34) under seal on CM/ECF, and its proposed Order submitted to the Court in support of the motion and for the Court's review also sought an under seal filing of the Protective Order if issued by the Court. Having reviewed the content of both the Motion (Docket No. 34), as well as, the proposed Protective Order, subject to amendments of the latter by the Court, there is no need for this Order to be filed under seal on CM/ECF as this Protective Order does not contain any specific information of the type contemplated by 18 U.S.C. § 3509(3), nor therefore, LR 49(c)(1)(G). While this Order provides protections for access to and distribution of information regarding minor victims and/or witnesses, the existence of the Protective Order itself should be unsealed and available so that the public knows that its access to the Court's public docket, as well as, information exchanged during discovery in this case, has not been curtailed arbitrarily, but rather, the restrictions provided herein are to address legitimate concerns. While the Motion (Docket No. 34) may remain sealed on CM/ECF, this Protective Order shall itself not be sealed on CM/ECF.

is a significant possibility that a minor victim or witness could suffer harm if that individual's personal information is retained by the defendants or freely disseminated.

Defendants have stated through counsel that they do not oppose the Government's motion for a protective order or the order itself.

**THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion for Protective Order [Docket No. 34] is **GRANTED**, and **IT IS HEREBY ORDERED**, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3), that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further **ORDERS** as follows:

1. For the purpose of this Protective Order, "Personal Identifiers" means the names of minor victims or witnessed, their social security numbers, dates of birth, phone numbers, or addresses. "Protected Material" means materials that contain Personal Identifiers of such victims or witnesses. Protected Material does not include the defendants' own statements, criminal history information, and expert reports. In the event that a defendant's counsel has any question as to whether a particular piece of information contained in Rule 16 discovery materials constitutes a Personal Identifier, the defendant's counsel may inquire of the counsel for the United States for clarification.

2. Protected Material may be used solely for purposes of this litigation and for no other purpose.

3. Protected Material may not be copied, disseminated, or disclosed to any party who is not directly involved in the defense of the charges against the defendants in this case, nor may the information contained in the documents and records be disclosed to any other party who is not

directly involved in the defense of the charges against the defendants in this case. Defense counsel shall limit the making of copies to those necessary to his activities as counsel.

4. Protected Material shall not be given to a defendant in this case for her/him to retain. Additionally, a defendant may not retain Protected Material that contains Personal Identifiers, whether or not they have been redacted by the United States prior to production to the defendant, or by the defendant's counsel prior to providing the material to the defendant. However, Rule 16 discovery materials produced by the United States that contain no Personal Identifiers may be given to the defendants.

5. Before a defendant is shown or advised of the content of Protected Material, the defendant must read this Protective Order so that she/he understands and agrees that she/he is bound not to disclose the Personal Identifiers contained in the materials to any person who is not directly involved in the defense of the charges against the defendants in this case.

6. Except as set forth in Paragraph 7, Protected Material may be shown to a defendant but must remain in defense counsel's possession and control at all times and may not be left with a defendant but must be removed by defense counsel when counsel leaves or is not in the presence of the defendant. In addition, defense counsel may advise the defendants of the contents of the Protected Materials, including the Personal Identifiers.

7. Computerized documents containing Protected Material may be shown to a defendant at the federal courthouse in a room designated by the U.S. Marshals Service and outside the presence of the defendant's counsel, by the defendant's counsel loading the documents on the computer furnished by the Federal Public Defender's Office and providing the defendant with the computer to review the documents. At a defendant's request to the U.S. Marshals Service, the defendant shall be provided with paper and a writing instrument, and the defendant shall be

permitted to take notes regarding her/his review of the documents. If a defendant's counsel is not present when the defendant finishes her/his review of the documents, then following the defendant's departure from the federal courthouse, the computer and the notes taken by the defendant shall be delivered by the U.S. Marshals Service to the Federal Public Defender's Office, which shall then return and/or retain the computerized documents and the notes for the defendant's attorney.

8. All individuals having access to Protected Material, other than the following persons, shall read this Protective Order prior to disclosure and shall certify in writing, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms:

(a) the Court and its staff;

(b) the defendants' attorneys, her/his law firm and/or the Federal Defender's Office, and outside vendors (messenger, copy, coding and other clerical-services vendors not employed by defendant's attorney);

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony.

Defendant's counsel of record shall maintain a file of such written certifications.

9. The disclosure, dissemination, use or retention of Protected Material contrary to this Order shall be deemed a violation of this Order subjecting the defendant, her/his counsel, or other persons to sanctions.

10. Any filings of Protected Material with the Court shall be submitted under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED."

11. All Protected Material and all copies must be destroyed or returned to the United States within sixty (60) days of the conclusion of this litigation, except documents filed with the Court, and defendants' counsel may each retain one copy of these materials.

Dated:  August 6, 2019    s/Leo I. Brisbois
　　　　　　　　　　　　　　　Leo I. Brisbois
　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

## **CERTIFICATION**

By signing below, I, _____ (please print legibly), hereby certify that I have read this Order and agree to be bound by its terms.

_____   _____
Date                                                  Signature